FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

2009 JAN 12 P 3: 03

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

ROBERT SEREMETH, JR.
7079 Jasper Street
Middletown, MD 21769
(301) 371-0574

ROBERT SEREMETH, JR., for the minor children
AUGUSTA SEREMETH
CHAZ SEREMETH
EGAN SEREMETH
FREYA SEREMETH
7079 Jasper Street
Middletown, MD 21769
(301) 371-0574

AMD 09 CV 0058

Case no. _____

v.

BOARD OF COUNTY COMMISSIONERS
FREDERICK COUNTY, MARYLAND
Jan Gardner, President
Winchester Hall
12 E. Church Street
Frederick, MD 21701

FREDERICK COUNTY SHERIFF'S DEPARTMENT
Sheriff Charles Jenkins
110 Airport Drive, East
Frederick, MD 21701

**COMPLAINT–DISABILITY DISCRIMINATION IN STATE AND**
**LOCAL GOVERNMENT PROGRAMS AND SERVICES**

I.  INTRODUCTION

1. This is an action seeking redress of violations of civil rights guaranteed Plaintiffs by the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., §504 of the Rehabilitation Act, 29 U.S.C. §794, the Maryland Human Relations Act, Maryland Code Annotated Article 49B, the

Frederick County Code, Article VII §1-2-91 et seq. Plaintiff, Robert Seremeth, Jr., (hereinafter "Plaintiff"), and his children, Augusta Seremeth, Chaz Seremeth, Egan Seremeth and Freya Seremeth, (hereinafter "Plaintiff's children") were denied the services of a qualified sign language interpreter during questioning by police. Additionally the policies and practices of the Frederick County Sheriff's Department and the Board of County Commissioners (hereinafter collectively referred to as "Defendant") regarding the use of handcuffs resulted in Plaintiff's inability to communicate with law enforcement officials.

2. Plaintiff seeks declaratory, equitable and monetary relief under the Americans with Disabilities Act, the Rehabilitation Act, the Maryland Human Rights Act, as amended, and the Frederick County Code. Specifically, Plaintiff seeks a declaration that Defendant's failure to reasonably modify its policies and practices violated each law aforementioned, a declaration that defendant wrongfully refused to provide him and his children the services of a sign language interpreter, a declaration that Defendant wrongfully refused to modify its practices regarding the use of handcuffs on persons who use sign language as their mode of communication, an order directing Defendant to correct its practices, damages, and all other appropriate relief to which he is entitled under the law.

## II. JURISDICTION

3. Jurisdiction of this Court is invoked under 28 U.S.C. §1331, because this action involves questions under Federal laws (the Americans with Disabilities Act, 42 U.S.C. 1201 et seq., and §504 of the Rehabilitation Act, 29 U.S.C. §794). This Court also has jurisdiction under 28 U.S.C. §1367.

4. Venue is proper in this district because Plaintiff resides in this district in Frederick County, Maryland, and Defendant is a state or local governmental body, or a department or agency of a state or local governmental body

5. Plaintiff has filed his complaint with the United States Department of Justice but has been unable to resolve the issue. He has provided notice of his intention to file this Complaint as required by Maryland Code Annotated, Courts and Judicial Proceedings §5-304. He is timely filing this action.

6. The remedies requested are:

A. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff with a qualified sign language interpreter during questioning by police officers–violated the Americans with Disabilities Act;

B. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff with a qualified sign language interpreter during questioning by police officers–violated the Rehabilitation Act;

C. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff with a qualified sign language interpreter during questioning by police officers–violated the Maryland Human Relations Act;

D. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to

provide Plaintiff with a qualified sign language interpreter during questioning by police officers–violated the Frederick County Code;

E. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff's children with a qualified sign language interpreter during questioning by police officers–violated the Americans with Disabilities Act;

F. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff's children with a qualified sign language interpreter during questioning by police officers–violated the Rehabilitation Act;

G. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff's children with a qualified sign language interpreter during questioning by police officers–violated the Maryland Human Relations Act;

H. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's failure to provide Plaintiff's children with a qualified sign language interpreter during questioning by police officers–violated the Frederick County Code;

I. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's use of handcuffs to restrain Plaintiff's hands behind his back resulting in Plaintiff's inability to

use American Sign Language to communicate with police officers –violated the Americans with Disabilities Act;

J. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's use of handcuffs to restrain Plaintiff's hands behind his back resulting in Plaintiff's inability to use American Sign Language to communicate with police officers –violated the Rehabilitation Act;

K. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's use of handcuffs to restrain Plaintiff's hands behind his back resulting in Plaintiff's inability to use American Sign Language to communicate with police officers –violated the Maryland Human Relations Act;

L. A declaration that Defendant's failure to reasonably modify its practices when interacting with deaf and hard of hearing individuals–specifically, Defendant's use of handcuffs to restrain Plaintiff's hands behind his back resulting in Plaintiff's inability to use American Sign Language to communicate with police officers –violated the Frederick County Code;

M. An Order enjoining Defendant from failing to provide deaf and hard of hearing persons, such as Plaintiff, with a qualified sign language interpreter during official interactions such as questioning, and otherwise enjoining them from noncompliance with the Americans with Disabilities Act, the Rehabilitation Act, the Maryland Human Relations Act, and the Frederick County Code during official interactions with the public;

N. An Order enjoining Defendant from failing to reasonably modify its policies regarding handcuffs so that deaf and hard of hearing persons can communicate using American Sign Language, and otherwise enjoining them from noncompliance with the Americans with Disabilities Act, the Rehabilitation Act, the Maryland Human Relations Act, and the Frederick County Code during official interactions with the public;

O. An award of damages;

P. An award of attorney's fees and costs;

Q. Any and all other relief to which he may be entitled and as the nature of the case requires.

## III.  PARTIES

7. Plaintiff and Plaintiff's children are persons with a disability. He is a deaf adult and they are deaf children who live in Middletown, Maryland.

8. Defendants are a state or local governmental body, or a department or agency of a state or local governmental body. On information and belief, Defendants receive Federal financial assistance. Defendant is required to comply with the Americans with Disabilities Act, the Rehabilitation Act, the Maryland Human Relations Act, as amended, as well as the Frederick County Code.

## IV.  FACTUAL ALLEGATIONS

9. On the evening of January 13, 2008, Plaintiff was at home with his children and parents.

10. At approximately 11:00 pm, Defendant (specifically, Officers McDowell, Turvin and Scire of the Frederick County Sheriff's Department) arrived at Plaintiff's residence in response to

a 911 call from Plaintiff's ex-spouse, who was calling through a video sign language interpreter from Rochester, New York to report allegations of child abuse.

11. Plaintiff's ex-spouse informed the 911 operator in the first minutes of the call that there were no weapons in the home and that her ex-husband and all of the children were deaf.

12. When the officers arrived, Plaintiff and his parents were watching television, three of the children were sleeping upstairs, and the oldest child was in the basement. The home was not in disarray. There was no evidence of abuse in progress.

13. The officers entered the residence with guns drawn, one with his weapon trained on Plaintiff.

14. Even though there was no evidence of abuse in progress, Plaintiff was not argumentative or belligerent and the officers had been told that Plaintiff did not have a weapon, they removed him from the home.

15. The officers used handcuffs to restrain Plaintiff's hands behind his back, making it impossible for him to communicate, even though they had been told–and it was clear upon interacting with him--that Plaintiff is deaf.

16. The officers woke the sleeping children and interviewed them without the services of a qualified sign language interpreter. They also interviewed the oldest child without an interpreter.

17. Almost forty-five minutes into the investigation, Officer Ryan of the Frederick City Police Department arrived to assist in communication; Officer Ryan was not a sign language interpreter and in fact had only recently begun to learn sign language. She brought her course book with her.

7

18. Plaintiff was sequestered outside his house for more than one hour without a coat, shoes or any mode of communication; when Plaintiff's mother attempted to bring him a coat and shoes, she was rebuffed by Defendant.

19. At the conclusion of the investigation, which found no abuse was indicated, Plaintiff was released with an "apology" for interrupting the family's evening.

20. During this incident, Plaintiff was ignored, humiliated, and treated in a derogatory manner by Defendant.

21. Defendant actions resulted in Plaintiff and his children irretrievably being denied the due process of the law–including but not limited to a complete understanding of the reason for the officers' presence at their home, and the ability to completely understand or respond to the officers' questions.

22. In the nights following the incident, Plaintiff and his children were unable to sleep soundly because of the fear, anxiety and shame they felt as a result of their interaction with the officers.

23. Plaintiff continues in counseling for stress and anxiety related to the events of January 13, 2008.

24. As a result of Defendant's willful acts, Plaintiff has experienced shame, anxiety, fear, public humiliation, physical and emotional pain and suffering, and other damages.

25. As a result of Defendant's willful acts, Plaintiff's children have experienced shame, anxiety, fear, public humiliation, physical and emotional pain and suffering and other damages.

<u>V. CLAIMS</u>

**COUNT I**
*(Violation of the Americans with Disabilities Act–Plaintiff)*

26. Plaintiff repeats and realleges Paragraphs 1 through 25.

27. Defendant willfully and intentionally discriminated against Plaintiff because of his disability, deafness, by refusing to modify its policy and practice and thereby failing to provide Plaintiff a qualified sign language interpreter during questioning with regard to allegations of child abuse.

28. Defendant willfully and intentionally discriminated against Plaintiff because of his disability, deafness, by refusing to modify its policy and practice and thereby handcuffing his hands behind his back, making it impossible for him to communicate during questioning with regard to child abuse.

29. Defendant's actions, both of commission and omission, were in violation of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., causing Plaintiff significant damages.

**COUNT II**
*(Violation of §504 of the Rehabilitation Act–Plaintiff)*

30. Plaintiff repeats and realleges Paragraphs 1 through 28.

31. Defendant's actions, both of commission and omission, were in violation of Plaintiff's rights under the Rehabilitation Act, 29 U.S.C. §794, causing Plaintiff significant damages.

## COUNT III
*(Violation of The Maryland Human Relations Act–Plaintiff)*

32. Plaintiff repeats and realleges Paragraphs 1 through 28.

33. Defendant's actions, both of commission and omission, were in violation of Plaintiff's rights under the Maryland Human Relations Act Article 49B, causing Plaintiff significant damages.

## COUNT IV
*(Violation of Frederick County Code–Plaintiff)*

34. Plaintiff repeats and realleges Paragraphs 1 through 28.

35. Defendant's actions, both of commission and omission, were in violation of Plaintiff's rights under the Frederick County Code, Article VII, §1-2-91 et seq., causing Plaintiff significant damages.

## COUNT V
*(Violation of the Americans with Disabilities Act–Plaintiff's Children)*

36. Plaintiff repeats and realleges Paragraphs 1 through 27.

37. Defendant willfully and intentionally discriminated against Plaintiff's children because of their disability, deafness, by refusing to modify its policy and practice and thereby failing to provide Plaintiff's children a qualified sign language interpreter during questioning with regard to allegations of child abuse.

38. Defendant's actions, both of commission and omission, were in violation of the children's rights under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., causing the children significant damages.

## COUNT VI
*(Violation of §504 of the Rehabilitation Act–Plaintiff's Children)*

39. Plaintiff repeats and realleges Paragraphs 1 through 27.

40. Defendant's actions, both of commission and omission, were in violation of the children's rights under the Rehabilitation Act, 29 U.S.C. §794, causing the children significant damages.

## COUNT VII
*(Violation of The Maryland Human Relations Act–Plaintiff's Children)*

41. Plaintiff repeats and realleges Paragraphs 1 through 28.

42. Defendant's actions, both of commission and omission, were in violation of the children's rights under the Maryland Human Relations Act Article 49B, causing the children significant damages.

## COUNT VIII
*(Violation of Frederick County Code–Plaintiff's Children)*

43. Plaintiff repeats and realleges Paragraphs 1 through 28.

44. Defendant's actions, both of commission and omission, were in violation of the children's rights under the Frederick County Code, Article VII, §1-2-91 et seq., causing the children significant damages.

## COUNT IX
*(False Imprisonment–Plaintiff)*

45. Plaintiff repeats and realleges Paragraphs 1 through 28.

46. The actions of Defendant unlawfully deprived Plaintiff of his liberty without consent and without legal justification.

47. The actions of Defendant unlawfully deprived Plaintiff of his ability to communicate without consent and without legal justification.

48. Defendant acted with malice, ill will and improper motivation in the denial of a coat or shoes to Plaintiff who was held outside at night in January for more than an hour without such items, when the denial served no valid legal purpose.

49. Defendant acted with malice, ill will, and improper motivation in refusing to modify its practice and policy in restraining Plaintiff's hands behind his back, making it impossible to communicate, when such denial served no valid legal purpose.

50. As a result of Defendant's actions, Plaintiff suffered physical and emotional damages by being held against his will for an extended period of time.

### COUNT X
*(Intentional Infliction of Emotional Distress–Plaintiff)*

51. Plaintiff repeats and realleges Paragraphs 1 through 28.

52. Defendant intentionally and unlawfully sequestered and continued to sequester Plaintiff outside his house at night in cold weather, without appropriate attire or a means to communicate, knowing, because of Plaintiff's demeanor and physical reactions to the cold, that Plaintiff was experiencing severe emotional distress as a result of Defendant's actions.

53. Defendant's actions were extreme and outrageous.

54. As a result of Defendant's actions, Plaintiff suffered and continues to suffer severe emotional distress.

## COUNT XI
*(Denial of Due Process of Law)*

55. Plaintiff repeats and realleges Paragraphs 1 through 28.

56. Defendant unlawfully denied Plaintiff due process of law by removing him from his home, searching the residence and questioning his children without notice to Plaintiff at any time of the purpose of the investigation, depriving him of an opportunity to be heard or to defend his rights.

57. Further, Defendant's actions, specifically the denial of a sign language interpreter and handcuffing his hands behind his back, made it impossible for him to understand or communicate with law enforcement officials, depriving him of an opportunity to be heard or to defend his rights.

## VI.  JURY TRIAL

Plaintiff requests a jury trial.

WHEREFORE, Plaintiff respectfully requests that this Court issue judgment for Plaintiff against defendant as follows:

A. Declare that Defendant had violated Plaintiff's rights under the Americans with Disabilities Act, Title II, 42 U.S.C. §12101, et seq.;

B. Declare that Defendant has violated Plaintiff's rights under §504 of the Rehabilitation Act, 29 U.S.C. §794;

C. Declare that Defendant has violated Plaintiff's rights under the Maryland Human Rights Act, Maryland Code Annotated, Article 49B;

D. Declare that Defendant has violated Plaintiff's rights under the Frederick County Code, Article VII, §1-2-91, et seq.;

E. Declare that Defendant had violated Plaintiff's children's rights under the Americans with Disabilities Act, Title II, 42 U.S.C. §12101, et seq.;

F. Declare that Defendant has violated Plaintiff's children's rights under §504 of the Rehabilitation Act, 29 U.S.C. §794;

G. Declare that Defendant has violated Plaintiff's children's rights under the Maryland Human Rights Act, Maryland Code Annotated, Article 49B;

H. Declare that Defendant has violated Plaintiff's children's rights under the Frederick County Code, Article VII, §1-2-91, et seq.:

I. Order Defendant to be enjoined from further violations of the Americans with Disabilities Act;

J. Order Defendant to be enjoined from further violations of the Rehabilitation Act;

K. Order Defendant to be enjoined from further violations of the Maryland Human Rights Act;

L. Order Defendant to be enjoined from further violations of the Frederick County Code;

M. Award Plaintiff compensatory and punitive damages for the financial, physical and emotional pain and suffering and other harm caused by Defendant's wrongful actions;

N. Award Plaintiff attorney's fees and costs;

O. Award Plaintiff such other and further relief as the Court deems just, reasonable and appropriate to correct the illegality and wrongs done to him.

I SOLEMNLY DECLARE UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_1-12-9_
Date

_Robert Seremeth, Jr._
Robert Seremeth, Jr.

Respectfully submitted,

_Elizabeth A. Conklyn_
Elizabeth A. Conklyn, Esq., #23536
Conklyn & Associates
14 W. Patrick Street, Suite 200
Frederick, M 21701
Attorney for Plaintiff
(301) 620-1190