IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROBERT SEREMETH, JR., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. L-09-58 |
| BOARD OF COUNTY COMMISSIONERS OF FREDERICK COUNTY, MD, *et al.*, Defendants. | * | |

*************

## **MEMORANDUM**

This is an action brought under the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act. On January 13, 2008, at approximately 11:20 p.m., Frederick County Sheriff deputies responded to a 911 call reporting that Plaintiff, Robert Seremeth Jr., was abusing his thirteen year old daughter and ten year old son at the family's home. Prior to arriving at the home, the responding officers were informed that both Seremeth and his children were deaf. Upon arrival, the officers asked Seremeth to step out of the residence, handcuffed him, and conducted an initial investigation inside the home. Roughly one hour and fifteen minutes after arriving at the home, the officers concluded the investigation and determined that no arrest was necessary.

On January 12, 2009, Seremeth filed the instant suit, contending that the deputies unlawfully: (i) questioned him and his deaf children without the aid of a sign language interpreter and, (ii) handcuffed him behind his back, making it impossible for him to communicate. The case was originally assigned to the Honorable Andre Davis who, following a June 5, 2009 hearing, dismissed four of the Amended Complaint's eight counts. The remaining

counts seek declaratory judgment, injunctive relief, and damages under the ADA and Rehabilitation Act.[1]

Now pending are: (i) Plaintiffs' Corrected Motion for Summary Judgment (Docket No. 42), and (ii) Defendants' Motion for Summary Judgment (Docket No. 47). Because the issues are adequately addressed in the briefs, no hearing is necessary. See Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the Court will, by separate order: (i) DENY Plaintiffs' motion, and (ii) GRANT Defendants' motion.

## I. FACTUAL BACKGROUND

### A. Events of January 13, 2008

On the evening of January 13, 2008, Seremeth was at his home in Middletown, Maryland with his parents and four children.[2] The family had returned late from a school-sponsored sporting event and the children, especially Seremeth's oldest daughter, did not want to go to bed. While the other children eventually went to bed, Seremeth's eldest contacted her mother, Dawn Rood – Seremeth's former wife who is also deaf and lives in New York – using a computer video phone. Following that conversation, Ms. Rood placed a 911 call to the Frederick County Sheriff's Department and claimed that Seremeth was abusing the children.[3]

At the outset of the 911 call, Ms. Rood informed the operator that the entire family, including Seremeth's parents, was deaf and that there were no weapons at the residence. She also stated that she had been using a video phone and had seen Seremeth acting belligerently towards the children, and that he had hit one of them. Based on that information, numerous officers from the Sheriff's Department, including Defendant Deputy Sheriff Travis Rohrer,

---

[1] The Defendants remaining in the case are: (i) The Board of County Commissioners for Frederick County, (ii) Sheriff Charles Jenkins, and (iii) Deputy Sheriff Travis L. Rohrer.

[2] Seremeth has sole physical and legal custody of his children.

[3] The 911 call was placed using the Maryland Relay Service.

descended upon the residence.  Upon arriving at the home, the officers shone their flashlights through the windows in order to capture the family's attention.

When Seremeth opened the door, a number of officers took him from the house, handcuffed his hands behind his back, and forced him to kneel on a cement walkway.  The officers did not communicate the reason for their presence at the home.  Because he could not use his hands to sign or write, Seremeth attempted to communicate vocally.  The officers indicated, using the well known index-finger-to-the-lips gesture, that Seremeth was to remain silent.  He remained outside, handcuffed behind his back, for thirty to forty-five minutes with neither shoes nor a coat.

At some point, Deputy Rohrer called Frederick City Police Officer Meg Ryan and requested that she come to the scene and assist with communication.  Officer Ryan, who had recently begun studying American Sign Language, brought her course book to the house but was unable to effectively communicate with the family.  Seremeth's father, who, although deaf, reads lips and speaks understandably, interpreted for the officers as they questioned Seremeth and his children about the alleged abuse.  Based on that questioning, the officers concluded that no abuse had occurred.  The officers then left the home.  During the entirety of the incident, the officers never directly told Seremeth why they were at the residence.

### B.  Procedural History

Seremeth filed his original Complaint on January 12, 2009 and an Amended Complaint on March 23, 2009.  The Amended Complaint contains eight counts.  Counts I though IV request declaratory judgment, injunctive relief, and damages under the ADA and Rehabilitation Act.  Counts V through VII assert common law claims for negligent training and supervision, false arrest, and intentional infliction of emotional distress.  Count VIII asserts a constitutional claim

for denial of due process. Judge Andre Davis, to whom the case was originally assigned, dismissed Counts V through VIII on June 5, 2009.

Following discovery, the parties filed cross-motions for summary judgment. Plaintiffs contend that Defendants violated the ADA and Rehabilitation act by: (i) questioning Seremeth and his children without the aid of a sign language interpreter and, (ii) handcuffing Seremeth behind his back, making it impossible for him to communicate. Defendants oppose Plaintiffs' motion and argue that the case should be dismissed in its entirety.

## II. STANDARD OF REVIEW

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

## III. ANALYSIS

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity."[4] 42 U.S.C. § 12132. In this case, Seremeth is unable to make a claim under that provision.

First, under Fourth Circuit law, Seremeth is not a "qualified individual with a disability." The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). While Seremeth has a disability, the Fourth Circuit has held that "calling . . . [an] arrest a 'program or activity of the County' . . . [is] a stretch of the statutory language and underlying legislative intent." Rosen v. Montgomery County, 121 F.3d 154, 157 (4th Cir. 1997). While Seremeth was not technically arrested, the Court cannot find a reason why a forty-five minute detention outside of one's home should be treated as a "program or activity" of the County but an arrest should not.

In addition, even if Seremeth were to meet the statutory definition of a "qualified individual with a disability," he is unable to show that he was "denied the benefits" of his arrest. Again, Rosen is instructive. In Rosen, a deaf individual was arrested for drunk driving. Id. at 156. As in the instant case, the plaintiff claimed that "the police made no attempt to communicate in writing and . . . ignored his requests for an interpreter." Id. When analyzing the ADA and Rehabilitation Act claims, the Fourth Circuit concluded that the plaintiff

> was in no way 'denied the benefits of' his arrest. As far as the police officers were concerned, [plaintiff] adequately participated in the various tests for intoxication, and the officers obtained the information they needed . . . . [Plaintiff]

---

[4] Because Seremeth's Rehabilitation Act claims parallel his ADA claims, the Court will combine its analysis of the two statutes. See Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264 n.9 (4th Cir. 1995) (combining the analysis of claims under the ADA and Rehabilitation Act and noting that "because the language of the two statutes is substantially the same, we apply the same analysis to both").

5

was not 'discriminated against' just because he could not follow everything the officers were telling him.

Id. at 158. The court continued to state that "if we assume . . . that the police were required to provide auxiliary aids at some point in the process, that point certainly cannot be placed before the arrival at the stationhouse." Id. Here, Seremeth adequately participated in the Sheriff's Department's investigation and the officers obtained the information they needed to determine that no abuse had occurred. Further, Seremeth was never taken to a police station. Thus, under Rosen, Seremeth is unable to sustain a claim under Title II of the ADA and his case must be dismissed.

## IV.     CONCLUSION

For the reasons stated, the Court will, by separate order, (i) DENY Plaintiffs' Motion for Summary Judgment, and (ii) GRANT Defendants' Motion for Summary Judgment.

Dated this 18th day of May, 2010.

                                                                /s/
                                          Benson Everett Legg
                                          United States District Judge